1  EILEEN M. DECKER
   United States Attorney
2  THOMAS D. COKER
   Assistant United States Attorney
3  Acting Chief, Tax Division
   CHARLES PARKER (Cal. Bar No. 283078)
4  Assistant United States Attorney
       Federal Building, Suite 7211
5      300 North Los Angeles Street
       Los Angeles, California 90012
6      Telephone: (213) 894-2740
       Facsimile: (213) 894-0115
7      E-mail: charles.parker@usdoj.gov

8  Attorneys for United States of America

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       WESTERN DIVISION

12  UNITED STATES OF AMERICA,        | Civil No. 2:16-cv-3506
13                Plaintiff,         |
14       v.                          | COMPLAINT TO REDUCE FBAR
                                     | PENALTY ASSESSMENTS TO
15  ASHISH PATEL,                    | JUDGMENT
16                Defendant.         |
17

18                          **COMPLAINT**

19       1.      The United States of America, on behalf of its agency the Internal Revenue

20  Service ("IRS"), brings this action against Defendant Ashish Patel ("Defendant") to

21  collect his unpaid federal penalty assessments and interest as provided by law, and to

22  reduce those assessments to judgment.  The United States complains and alleges as

23  follows.

24                     **Authorization for Suit**

25       2.      This action is brought pursuant to 31 U.S.C. § 3711(g)(4)(C), and in

26  accordance with 31 U.S.C. § 5321(b)(2)(A), at the direction of the Attorney General of

27  the United States and at the request of, and with the authorization of, Chief Counsel of

28  the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United

States.

## Jurisdiction and Venue

3.     The district court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, because the action arises under the laws of the United States and the United States is the plaintiff.

4.     Venue properly lies in the Central District of California under 28 U.S.C. § 1391(c)(3).

5.     Upon information and belief, Defendant was previously a resident of the Central District of California until he moved abroad in or around 1997.

## Defendant Failed To Report Foreign Bank Accounts

6.     31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies.

7.     Under section 5314's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists.  31 C.F.R. § 1010.350(a).

8.     Such a report must be filed with the IRS on Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR."  An FBAR is due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 1010.306(c).

9.     During the years 2007 through 2011, Defendant, a citizen of the United States of America, had a financial interest, signatory authority, and/or otherwise controlled three foreign bank accounts with the Commonwealth Bank of Australia ("Australian bank accounts").

10.     During each of the years 2007 through 2011, Defendant's Australian bank accounts, individually and/or collectively, had a balance that exceeded $10,000.

11.     Defendant was required by law to file an FBAR reporting his financial

2

interest in his foreign Australian bank accounts for the years 2007 through 2011, as well as any other year which satisfied the requirements above.

12.   For the years 2007 through 2011, Defendant failed to timely report his financial interest in his foreign bank accounts.  The IRS did not receive Defendant's 2007 through 2011 FBARs until November 26, 2012.  The IRS made FBAR penalty assessments against Defendant based on the information provided in Defendant's self-filed FBARs.

13.   Although Defendant received income for the years 2007 through at least 2009 and filed Australian tax returns reporting such amounts, Defendant failed to file his United States individual tax returns for those years until September 2012, after multiple IRS requests for Defendant to file his returns.

## First Cause of Action

## Reduce Federal Tax Assessments to Judgment against Defendant

## Ashish Patel

14.   On November 26, 2012, the IRS received Defendant's delinquent FBARs for years 2007 through 2011.  According to the FBARs, Defendant had three bank accounts with the Commonwealth Bank of Australia during the years at issue.

15.   Based on Defendant's delinquent FBARs and the reported bank account balances, the IRS assessed Defendant with FBAR penalties on May 23, 2014 as follows:

| Year | Assessment Amount |
|------|-------------------|
| 2007 | $10,000 |
| 2008 | $10,000 |
| 2009 | $5,047 |
| 2010 | $10,010 |
| 2011 | $15,011 |
| **Total** | $50,068 |

3

Attached hereto as Exhibit A are true and correct copies of certified IRS Forms 13448 which reflect the assessed FBAR penalties in the above table.

16.     In response to IRS correspondence asking why Defendant did not timely file his FBARs, Defendant, by letter from his representative dated June 10, 2013, stated:

> I am sorry about this.  My banking background was in Investment Banking, not commercial banking.  And, I have been living overseas since 1997.  The laws have been changing and I simply was not aware of them.  Especially being unemployed, it was the last thing on my mind since I didn't have a job.  That is not an excuse and I do apologize.

17.     On May 23, 2014, notice and demand for payment of the FBAR penalties was sent to Defendant at his last known address in Yorba Linda, California and to Defendant's representative.

18.     Interest has accrued on the penalties as provided by law and remains unpaid.  As of November 13, 2015, the unpaid balance owed to the United States for the FBAR penalties, late payment penalties as authorized by 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a), and interest was $55,243.53.  Attached hereto as Exhibit B is a true and correct copy of the certified account balance.

19.     The United States is entitled to a judgment against Defendant in the amount of $55,243.53, plus additional accruing interest, penalties and fees as provided by law.

//
//
//

4

WHEREFORE, the United States requests that the Court:

A.      Enter judgment against Defendant and in favor of the United States of America in the amount of $55,243.53, plus additional accruing interest, penalties and fees as provided by law.

B.      Award the United States such other relief as justice requires.

Respectfully submitted,

EILEEN M. DECKER
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Acting Chief, Tax Division

Date: May 20, 2016

_____
            /s/
CHARLES PARKER
Assistant United States Attorney

Attorneys for the United States of America